IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-HC-2067-M

LARRY BLAKNEY,

        Petitioner,

v.

MERRICK GARLAND and WARDEN T. SCARANTINO,

        Respondents.

ORDER

Petitioner, a federal civil committee proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, providing that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. The matter is also before the court on petitioner's motion to proceed in forma pauperis [D.E. 3].

Petitioner seeks to challenge his commitment to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4246. (Pet. [D.E. 1] at 6–7). Petitioner alleges false and misleading information and testimony was utilized in his commitment proceedings resulting in him being civilly committed. (Id. at 6). Petitioner also alleges his attorney for the commitment proceedings was ineffective. (Id. at 6–7). As relief, petitioner seeks to have his civil commitment order vacated and immediate release from custody. (Id. at 7).

A petition for a writ of habeas corpus allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). A civil committee may file a habeas petition under 28 U.S.C. § 2241. United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, he first must exhaust all available remedies,

including appeals, before seeking habeas relief. Timms v. Johns, 627 F.3d 525, 531–33 (4th Cir. 2010) (noting that, because civil commitment statutes provided a procedure for the remedy sought, a detainee should first exhaust his relief in the Commitment Action before seeking habeas relief under 28 U.S.C. § 2241); Bussie v. United States, No. 5:15-HC-2149-FL, 2015 WL 12910636, at *2 (E.D.N.C. Nov. 3, 2015).

On July 5, 2023, petitioner was committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4246. United States v. Blakney, No. 5:21-HC-2160-M-BM (E.D.N.C. July 5, 2023). Petitioner did not appeal. Accordingly, petitioner has failed to exhaust his administrative remedies prior to filing the instant action.

## CONCLUSION

In sum, the court: DISMISSES WITHOUT PREJUDICE this § 2241 action and DENIES a certificate of appealability. Petitioner's motion for leave to proceed in forma pauperis [D.E. 3] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of April, 2024.

RICHARD E. MYERS, II
Chief United States District Judge